UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Becky A. Medvetz, | ) | CASE NO. 1:08 CV 1879 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Greg White recommending that the decision of the Commissioner be VACATED and this case be REMANDED for further proceedings. For the reasons that follow, the Report and Recommendation is ACCEPTED.

**FACTS**

Plaintiff, Becky A. Medvetz, filed this action challenging the Commissioner's decision to deny in part her claim for Period of Disability and Disability Insurance Benefits. The Administrative Law Judge ("ALJ") concluded that plaintiff suffered medically determinable

1

impairments consisting of fibromyalgia, chronic fatigue syndrome and a herniated lumbar disc. The ALJ further concluded that the impairments do not either singularly or in combination meet or equal a listed impairment either before May 18, 2005, or after December 11, 2006.

The Magistrate Judge rejected plaintiff's arguments that the ALJ improperly weighed the opinion of her treating physician and failed to meet the burden of showing a medical improvement.  The Magistrate Judge accepted plaintiff's argument that the Commissioner failed to properly evaluate her credibility.  The government filed an objection to the Magistrate Judge's conclusion in this regard.

### **STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*.  Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*, 447 U.S. 667 (1980).

### **ANALYSIS**

The government argues that the Magistrate Judge improperly concluded that the ALJ

failed to adequately discuss plaintiff's credibility.  In addition, the government claims that the Magistrate Judge erred in applying a "build a bridge" standard from the Seventh Circuit as opposed to the test applied by the Sixth Circuit.

Upon review, both arguments are rejected.  As an initial matter, the Court agrees with the Magistrate Judge that the ALJ failed to adequately discuss plaintiff's credibility.  The government points out that the ALJ considered the type of treatment received by plaintiff and noted a "decrease in pain."  This falls short of the standard articulated under Social Security Ruling 96-7p, which requires specific reasons supporting the finding on credibility.  The portions of the record cited by the government do not make clear the reason for the ALJ's rejection of plaintiff's credibility.  As all parties appear to recognize, this analysis is particularly important in cases involving chronic fatigue syndrome or fibromyalgia, which by their nature do not lend themselves to particularized medical findings.  The government's second argument is also rejected.  The Magistrate Judge correctly noted that the Sixth Circuit requires the analysis set forth in SSR 96-7p.  *See, Rogers v. Commissioner of Social Security*, 486 F.3d 234, 248 (6th Cir. 2007)(providing a justification for discounting a claimant's statements is required by 96-7p and is particularly important in cases of fibromyalgia).

In the alternative, the government argues that the Court can discern from the record that the ALJ's determination is supported by substantial evidence.  The Court declines and finds that the more appropriate course is that recommended by the Magistrate Judge, *i.e.* remand of this matter to allow for compliance with SSR 96-7p.  *See, Id.* (remanding matter in part for a proper assessment of plaintiff's credibility).

3

**CONCLUSION**

For the foregoing reasons, the Report and Recommendation, which is incorporated herein by reference, is ACCEPTED.  This matter is REMANDED to defendant for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

        /s/Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Judge

Date:    5/29/09